## BALICKI v. CENTRAL GREYHOUND LINES, INC., OF NEW YORK.

### Civil Action No. 1181.

District Court, M. D. Pennsylvania.
March 5, 1945.

Raymond Bialkowski, of Scranton, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris, and John M. Kelly, all of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is an action brought by a widow and administratrix for the death of her husband which occurred in a motor vehicle collision on September 20, 1942, on highway route numbered 307, in Lackawanna County, within the Middle District of Pennsylvania.

The case was tried before the court and a jury and resulted in a verdict in the amount of $17,000 in favor of the administratrix, and in the amount of $18,000 in favor of the widow. The verdict also awarded the widow the sum of $325 as damages to her automobile and the sum of $825 as funeral expenses.

The facts are as follows: On September 20, 1942, at 1:50 A. M., Anthony Balicki was driving an Oldsmobile coupe on Route 307 toward the city of Scranton. Route 307 is a four lane highway running between Scranton and Stroudsburg to New York. Balicki and his brother-in-law, Francis Wrob Lewski, proceeding over the crest of a hill in a severe rain storm met and passed a Greyhound bus and a large tractor and trailer loaded with coal. A collision occurred between the coupe driven by Balicki and a Greyhound bus which was following the preceding bus and coal carrier. The collision resulted in the death of Balicki at 2:45 A. M., the same day.

The evidence showed Balicki to be 27 years of age at the time of his death, 5 ft. 11 inches in height, strong and healthy, and weighing 150 pounds. He kept normal hours, was of temperate habits and used tobacco and alcohol in moderation. He was a graduate of grammar school, and had attended the University of Pennsylvania for one year and Temple University for one year. He had taken a prelaw course and it was his ambition to become a lawyer. He was ambitious and industrious and in the four months preceding his death he had increased his earnings by one sixth. At the time of his death he was earning $41 per week. He turned over all of his earnings to his wife after taking out just enough for his personal needs.

A motion for a directed verdict was dismissed and the case submitted to the jury resulting in the verdict stated above.

The defendant has presented this motion to set aside the verdict; to enter judgment in accordance with defendant's motion for a directed verdict, and, in the alternative, for a new trial.

The Court has carefully considered the reasons assigned by the defendant in support of the motion for judgment, as well as the oral argument in support thereof, and the briefs of law submitted, and is of the opinion that the case was one for the jury and not for the Court. The motion for judgment must therefore be dismissed.

To support the motion for a new trial in the event the motion for judgment is refused the defendant has assigned a number of reasons. The Court has carefully examined all of the reasons, and with the

exception of reason five and reason seven is of the opinion they must be dismissed.

The fifth reason is as follows: "The verdicts are excessive." The total amount of the verdict is $36,150 of which $825 is for funeral expenses and $325 for the automobile. The verdict is divided so that the administratrix is awarded $17,000 and the widow is awarded $18,000. The Court is of the opinion that this verdict is excessive and therefore the fifth reason must be sustained.

The seventh reason is as follows: "The Court erred in charging the jury that in addition to any pecuniary loss the widow may have suffered they should consider the loss of comfort and service which her husband would have rendered to her. * * *" In instructing the jury the trial judge said: "And in connection with the amount that she is given in actual dollars for the loss she has suffered in contributions, which you will consider that she is getting as his wife, there is the comfort and service that he renders to her and she loses in losing her husband." The Court is of the opinion that this was error, or at least misleading. No reference should have been made to comfort and service. This reason must be sustained.

The motion to set aside the verdict and to enter judgment in accordance with defendant's motion for a directed verdict, is dismissed. The alternative motion for a new trial is sustained and a new trial is hereby granted.